# In the United States Bankruptcy Court for the Southern District of Georgia

In the matter of: ) Chapter 13 Case
   NANYA PATEL   and )
   VINOD PATEL, ) Number  16-11274-SDB
)
*Debtor(s)* )

## CHAPTER 13 PLAN AND MOTION

1. Debtor(s) shall pay to the Trustee the sum of $200.00 for the applicable commitment period of:

   [ ] 60 months; **or**
   [ X ] a minimum of 36 months. § 1325(b)(4).

   (If applicable include the following):   These plan payments Change to $ _____ monthly on _____, 20___.

2. From the payments so received, the Trustee shall make disbursements as follows:

   (a) The Trustee percentage fee as set by the United States Trustee.

   (b) Attorney fees allowed pursuant to § 507(a)(2) of $660.00 to be paid in accordance with applicable General Orders of this Court.

   (c) Other § 507 claims, unless provided for otherwise in the plan, will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) [ ] Monthly payments according to the contract on the following long-term debts. § 1322(b)(5). (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim):

   | CREDITOR | MONTH OF FIRST TRUSTEE PAYMENT | INITIAL MONTHLY PAYMENT |
   |---|---|---|
   | | | |

   **IN THE ALTERNATIVE:**

   [ ] Debtor will make post-petition payments direct to creditor according to the contract on the following long-term debts:

   | CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|
   | QUICKEN LOANS | OCTOBER 2016 |

   (e) Fully Secured Allowed Claims and Executory Contracts as set forth below:

   | CREDITOR | COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | | | | | |

   (f) Undersecured Allowed Claims. Debtor moves to value the collateral partially securing the following claims pursuant to § 506 and provide payment in satisfaction of those claims as set forth below:

   | CREDITOR | COLLATERAL | VALUATION | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | | | | | |

    (g)    Cure payments on allowed pre-petition arrearage claims set forth below. § 1322(b)(5):

           **CREDITOR**                                     **ESTIMATED PRE-PETITION CLAIM**

    (h)    The following unsecured allowed claims are classified to be paid at 100% [ ] with interest at ____%; [x] without interest.

    (i)    Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in ¶ 2(f) or 6, will be paid a minimum of a 0 % dividend or a pro-rata share of $25,000.00, whichever is greater.

3.    Debtor will make § 1326(a)(1) pre-confirmation lease and adequate protection payments on allowed claims of the following creditors:    [ ] Direct to the Creditor; or    [ X ] To the Trustee

           **CREDITOR**                             **ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT**

4.    Debtor will pay all post-petition domestic support obligations direct to the holder of such claim identified here. § 101(14A). Debtor requests Trustee to provide the statutory notice of § 1302(d) to these claimants.

           **CREDITOR**                                     **ADDRESS**

           NONE

5.    Pursuant to 11 U.S.C. § 522(f), debtor moves to avoid the liens of the following creditors, upon confirmation but subject to § 349, with respect to the property described below:

           **CREDITOR**                                     **PROPERTY**

6.    The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below:

           **CREDITOR**                 **DESCRIPTION OF COLLATERAL**    **AMOUNT OF CLAIM SATISFIED**

           NONE

7.    Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by § 1325 (a)(5).

8.    Other provisions: Upon grant of discharge in this case, all secured creditors being paid through the plan shall promptly release all collateral held as security on loans, and shall promptly release and/or satisfy deeds, security agreements, UCC filings, judgment liens, titles, and/or any other lien claim of any kind against property of the Debtor. The judgment lien of US National Bank Association, Et Al shall be avoided via Adversary Proceeding #16-01032. Alma Bank to be paid outside the plan by co-debtor Harykrusna, PLLC.


/S/ NANYA PATEL                                      10/7/2016
NANYA PATEL                                          DATE


/S/ VINYOD PATEL                                   10/7/2016
VINYOD PATEL                                          DATE