**IT IS ORDERED as set forth below:**



Date: June 21, 2018

_____
Susan D. Barrett
United States Bankruptcy Judge
Southern District of Georgia

_____

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
|     NAYNA PATEL and VINOD PATEL, | ) | CHAPTER 13 |
|                     Debtors. | ) | CASE NO: 16-11274-SDB |

### AMENDED[1] ORDER ON AMENDED MOTION FOR PRELIMINARY APPROVAL OF U.S. SMALL BUSINESS ADMINISTRATION OFFER-IN-COMPROMISE

Debtors originally filed their Motion for Preliminary Approval of U.S. Small Business Administration Offer-in-Compromise on March 8, 2017 seeking preliminary approval of its offer-in-compromise so that the U.S. Small Business Administration ("SBA") would consider said offer. Dckt. No. 51. The motion was amended on March 17, 2017 to propose a new order in which Debtors would agree to remit a sum certain to the SBA after the sale of their vehicles. Dckt. Nos. 55, 55-2. The Motion having come before the Court for hearing on October 2, 2017 where Debtors' Attorney and Creditor's Attorney moved the Court to consider preliminarily approving the following modified Offer-in-Compromise: wherein (1) Debtors would pay Creditor $30,000.00 in cash; and (2) Debtors would sell their 2007 Lexus EX 350 and 2007 Toyota Tundra and remit $21,500.00 to Creditor. Both payments will be remitted to Creditor through the Chapter 13 Trustee with the requisite commission being deducted and will then be remitted to Creditor in accordance

---

[1] On September 9, 2017, this Court issued a "Notice of Hearing on Proposed Consent Order", wherein a Proposed Consent Order drafted by Counsel for Debtors and Counsel for Business Loan Center, LLC (who is working with the SBA) was served on all creditors and the Chapter 13 Trustee to review, and the Consent Order was "negatively noticed" with objections being due on or before September 22, 2017. The Chapter 13 Trustee informally took issue with the order in that it did not provide for payment to the SBA through the Chapter 13 Trustee's office depriving the Trustee of a commission for disbursing these considerable funds. After agreeing to handle the disbursement through the Chapter 13 Trustees office as informally requested, the Debtors considered that the Trustee's commission would reduce the amount disbursed to the SBA and, therefore, desired to enter language that the SBA would receive any excess funds from Debtors' monthly payments to the Chapter 13 Trustee after the claims of all unsecured creditors are paid in full – in agreeing to handle it in this fashion, all unsecured creditors (the total claims of which are small) are completely protected and getting paid 100% of their claims.

    While this issue was being negotiated, the negative notice period lapsed without a formal objection by the Chapter 13 Trustee, and the proposed Consent Order was therefore entered. This order is amended to reflect the negotiations between the Debtors, the Creditor and the Chapter 13 Trustee's office. It is in the best interest of all the involved parties to resolve this issue with the Chapter 13 Trustee now as this is a preliminary order, and Debtors and the SBA will have to come back to this Court with a motion for final approval of settlement, at which time the Chapter 13 Trustee would have standing to raise objections.

with standard procedure but no later than 60 days after the moneys are remitted to the Chapter 13 Trustee; and (3) the SBA Creditor will receive any excess funds from Debtors' monthly payments after the claims of all unsecured creditors are paid in full; and

Debtors' Motion having been considered and it appearing to the Court that the preliminary approvals of the SBA's Offer-in-Compromise is necessary and beneficial to the interest of this estate,

IT IS THEREFORE ORDERED, that any interested party shall have 14 days from the entry of this Order to file an objection to the above amendment. If no objection is so filed, Debtor's Motion for Preliminary Approval of U.S. Small Business Administration Offer-in-Compromise as modified above is GRANTED.

**(END OF DOCUMENT)**

Presented by:

/s/ Charles W. Wills
Charles W. Wills
Ga. Bar No. 254329
Attorney for Debtors
POST OFFICE BOX 1620
THOMSON, GEORGIA 30824-1620
(706) 585-8100
charles@willslawfirmllc.com

No opposition from:

/s/ Nathan E. Huff
Nathan E. Huff
Ga. Bar No. 773611
Attorney for Business Loan Center
228 BASTON ROAD
AUGUSTA, GA 30907
(706) 922-32014
nhuff@nehlaw.com

Consented to by:

Attorney for the Chapter 13 Trustee

Jane E. Miller
Attorney for Chapter 13
Trustee Huon Le
GA. Bar No. 256304